IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STACY (CHAMBLESS) TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case Number_____ |
| v. | § | |
| | § | |
| LOW T CENTER, LLC, and | § | NOTICE OF REMOVAL UNDER |
| MICHAEL SISK and | § | 28 U.S.C. §1441(a), 28 U.S.C. §1331 |
| MICKALA SISK, | § | (Federal Question) |
| | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:

MICKALA SISK, DEFENDANT IN THE FOLLOWING CAPTIONED TARRANT COUNTY COURT TEXAS CIVIL ACTION HEREBY REMOVED:

CAUSE NUMBER 2012-004028-1, STACY (CHAMBLESS) TAYLOR V. LOW T CENTER, L.L.C. AND MICHAEL SISK AND MICKALA SISK IN THE COUNTY COURT AT LAW NUMBER ONE, TARRANT COUNTY, TEXAS

**PLEASE TAKE NOTICE**, that Mickala Sisk, ("Defendant"), hereby removes this action from the County Court at Law Number One for Tarrant County, Texas.  In support of her removal, Defendant Sisk submits this Notice.  Removal is based on the ground that the district courts of the United States have original jurisdiction of the Plaintiff's claims, and that such claims are completely preempted by The Employee Retirement Income Security Act of 1974 (ERISA).  Sisk, in accordance with 28 U.S.C. §1446(b)(2)(B), 28 U.S.C. §1446(b)(2)(C), and 28 U.S.C.. §1446(b)(3), respectfully shows as follows:

## I. INTRODUCTION

1. On July 19, 2013 Mickala Sisk was named as a defendant and served with process in Case Number 2012-004028-1 in the County Court at Law Number 1 in Tarrant County, Texas wherein Plaintiff Stacy (Chambless) Taylor sues to recover benefits allegedly due under an employer sponsored health plan (the "State Court Action.")  A certified copy of the Docket Sheet from the State Court Action is attached as Exhibit A.  In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings and orders served in the State Court Action, including the First Amended Petition, are attached hereto within the contents of Exhibit B.

2. Chambless[1] filed suit against Low T Center, L.L.C. and Mike Sisk on June 13, 2012, alleging that Low T Center, L.L.C. promised to provide her with certain health insurance benefits, but failed to so provide same.  She seeks recovery of the benefits.  Exhibit B, at 1.  On July 19, 2013 Defendant Mickala Sisk was served with process in this case with Chambless' First Amended Petition.  In the First Amended Petition, Chambless sues Low T Center, LLC, Mike Sisk, and Mickala Sisk for violations of the Texas Deceptive Trade Practices Act, a cause of action for Declaratory Relief, Fraud, Negligence, and a variety of other causes of action, alleging that benefits were not paid, premiums for insurance were converted, and complaining about the method by which her employer administered the health plan and paid claims.  Exhibit B, 92-107.

3. The gravaman of Plaintiff's complaint is that Defendants, as her employer, failed to ensure adequate insurance coverage for Plaintiff's medical bills, by and through the group insurance policy for which Defendants collected premiums from Plaintiff's paychecks.  Plaintiff

---

[1] The parties have referred to Plaintiff Taylor as "Chambless" throughout this case.  Defendant Sisk will refer to Plaintiff Stacy (Chambless) Taylor as "Chambless" in the interest of maintaining consistency.

secondarily complains that when Defendant (her employer) undertook to administer the payment of benefits, Plaintiff's privacy rights were violated when Defendants paid her outstanding medical bills and obtained releases for her benefit from the business office of each provider covered by the plan.

4. Plaintiff pleads:

> The Plaintiff is allegedly interested pursuant to her right as a statutory employee . . . Plaintiff entered into a . . . [agreement] . . . with the Defendant. A portion of the agreement provided that Defendants would provide health insurance coverage to the Plaintiff, and that Plaintiff would pay certain premiums for the cost of the health insurance coverage. Plaintiff has suffered damages in the amount of $25,054.79 in medical bills that should have been paid through her health insurance coverage . . .

Exhibit B, 101

5. Likewise, Plaintiff's cause of action under the Texas Deceptive Trade Practices Act complains of the coverage of Plaintiff's employer-provided health insurance. Plaintiff alleges that Defendants misrepresented the terms of such coverage resulting in a denial of benefits and with respect to such insurance that Defendants "represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law . . . "  Exhibit B, 102.

6. Plaintiff similarly sues for negligence, complaining that:

> In the course of the transactions between Plaintiff and Defendants, Defendants owed Plaintiff a duty to ensure that she was covered by health insurance. Plaintiff would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described hereinabove by which Defendants breached such duty constitute a proximate cause of the damages of Plaintiff described more fully herein, for which Defendants are liable to Plaintiff.

Exhibit B, 103

7. Plaintiff sues Defendants for breach of fiduciary duty as Plaintiff's employers, complaining that Defendants, acting in a fiduciary capacity, misappropriated insurance premiums deducted from Plaintiff's pay by failing to purchase health insurance with adequate coverage :

> Plaintiff would show that all times relevant to these proceedings, and the dealings between Plaintiff and Defendants, that the Defendants were acting in the capacity of a fiduciary in the taking, handling, and acceptance of the funds from the Plaintiff's paychecks, for the purpose of obtaining and providing health insurance to the Plaintiffs. Defendants breached their fiduciary responsibilities, inasmuch that each Defendant knowingly, intentionally, recklessly or negligently took the Plaintiff's money, and failed to obtain the health insurance coverage in accordance with the fiduciary duty of the Defendants. As a result of the breach of Defendant's fiduciary responsibilities, the Plaintiff incurred medical expenses which were not paid, and for which the Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

Exhibit B, 104

8. Plaintiff further alleges that Defendants "breached" their contract with Plaintiff, and misappropriated and converted premium payments. Plaintiff further pleads for quantum meruit, fraud, and a variety of other state law causes of action. *See generally*, Exhibit B. Plaintiff seeks to recover the benefits that she avers the employer-sponsored plan should have paid, plus enhanced and exemplary damages, mental anguish and "benefit of the bargain" damages. *Id.*

9. This removal is timely because Defendant Mickala Sisk was served with process with the First Amended Petition on July 19, 2013, and not more than thirty days have elapsed since that time. 28 U.S.C. §1446(b)(2)(B), 28 U.S.C. §1446(b)(2)(C).

## II. VENUE

10. Venue for removal is proper is this district and division, the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. §1441(a) because this district and division embrace the jurisdictional limits of the County Court at Law Number One for Tarrant County, Texas, sitting in Fort Worth, Texas, the forum in which the removed action was pending.

## III. BASIS FOR REMOVAL -- FEDERAL QUESTION JURISDICTION

11. Plaintiff's claims are completely preempted by ERISA. ERISA comprehensively regulates health and medical benefit plans sponsored by employers that provide medical, surgical or hospital care "through the purchase of insurance, or otherwise." 29 USC §1002(1). Any state cause of action that seeks the same relief as a cause of action authorized by ERISA's civil enforcement section, 29 USC §1132, "regardless of how artfully pleaded as a state action," is completely preempted. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (1999); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Thus, state claims are completely preempted if they fall within the scope of the enforcement provisions which authorize participants or beneficiaries to file civil actions to recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duties, clarify rights to future benefits, and enjoin violations of ERISA. 29 U.S.C. §1132, (ERISA §502). Thus "complete preemption exists when a remedy falls within the scope of or is in direct conflict with [ERISA's civil enforcement section]." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

12. Because Plaintiff's claims are completely preempted, they are subject to removal

under federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). ERISA occupies a particular field, resulting in complete preemption of any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action; thus, such preemption functions as an exception to the well-pleaded complaint rule. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332 (5th Cir.1999). Because a state law claim pertaining to a field that ERISA has completely preempted presents a federal question, it provides grounds for a district court's exercise of federal question jurisdiction upon removal. Thus, "even if the plaintiff did not plead a federal cause of action on the face of the complaint, the claim is 'necessarily federal in character' if it implicates ERISA's civil enforcement scheme." *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F .3d 525, 529–30(5th Cir. 2009).

13. This is a suit to recover benefits allegedly due under an employer sponsored payroll deduction plan. The ERISA statute states, in pertinent part, that a participant or beneficiary may file suit in order to recover, "benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has stated that the civil remedies provided by the statute were intended to be comprehensive and exclusive, explaining that, "Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146–48 (1985).

14. Plaintiff has further sought a declaration from the court regarding her right to recover the benefits she sues to recover; and a challenge to the methods by which her employer administered benefits. When a plaintiff's claims challenge the administration of or eligibility for benefits, they are completely preempted under ERISA §502. *Metropolitan Life Ins.*

*Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Carpenter v. Harris Community Health*, 154 F.Supp.2d 928, 931 (N. D. Tex. 2001). In light of the broad preemption provision of ERISA and because the underlying conduct at issue here cannot be divorced from its connection to an employee benefit plan, Plaintiffs' claims are completely preempted, and this Court has removal jurisdiction.

## IV. NOTICE

15. Pursuant to 28 USC §1446(d), a copy of this Notice is being filed with the Clerk of the Court for the County Court at Law Number One, Tarrant County, Texas.

16. Exhibit A constitutes a certified copy of the State Court docket sheet.

17. The contents of Exhibit B constitute the entire file of Cause Number 2012-004028-1 in the County Court at Law Number One, Tarrant County, Texas.

18. Exhibit C constitutes the consent of Defendant Michael Sisk to the removal.

19. Exhibit D constitutes the consent of Defendant Low T Center, LLC to the removal.

## V. CONCLUSION

20. For the reasons described above, Defendant Mickala Sisk respectfully requests that the Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

THE MORAINE FIRM
MORAINE & ASSOCIATES, P.L.L.C.

By: */s/ David J. Moraine*
David J. Moraine, M.A., J.D., LL.M.
Texas Bar No. 00795830
Lori L. Moraine, R.N., J.D.
Texas Bar No. 00795829
312 West Northwest Highway
Grapevine, Texas 76051
Phone: 817-421-3619
Facsimile: 888-379-9111
david@davidmoraine.com

Attorneys for Mickala Sisk

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2013 a true and correct copy of the foregoing document was served on Plaintiff's counsel, Michael S. Newman, via facsimile transmission and first-class mail.

*/s/ David J. Moraine*
David J. Moraine